*533 MEMORANDUM *
Marvin A. Saunders (“Saunders”) appeals the district court’s judgment affirming the final decision by the Commissioner of Social Security denying Saunders’s application for disability insurance benefits under Title II of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings.
We review de novo the district court’s judgment affirming the administrative law judge’s (“ALJ”) denial of social security benefits. Berry v. Astrue, 622 F.3d 1228, 1231 (9th Cir.2010). The denial of benefits by an ALJ may be set aside only if it is based on legal error or is not supported by substantial evidence. Id. Where the claimant has presented objective medical evidence of an underlying impairment and there is no affirmative evidence of malingering, an ALJ’s adverse credibility finding must be supported by clear and convincing reasons. Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir.2007).
Saunders contends that the ALJ improperly discredited his pain testimony. We agree. The ALJ failed to provide clear and convincing reasons for discrediting Saunders’s pain and symptom testimony. At step 2 of the sequential evaluation process, the ALJ relied on objective medical evidence from Saunders’s treating physicians, finding him “severely” impaired. At step 4, the ALJ emphasized the conclusions of Dr. McPhee, a state-agency examining physician, who opined that Saunders was “overly dramatic” and could perform medium work. In light of the substantial evidence from Saunders’s treating physicians, the ALJ erred by relying on Dr. McPhee’s opinion. See Orn v. Astrue, 495 F.3d 625, 632-33 (9th Cir.2007) (holding that a treating physician’s opinion must be given controlling weight if it is well-supported and consistent with other substantial evidence in the record). Saunders’s treating physicians diagnosed him with chronic back pain, prescribed morphine, and instructed him to lie down to relieve pain. Dr. Rodriguez specifically counseled Saunders to change jobs, noting that his condition was so severe that he had to quit his job. By contrast, Dr. McPhee examined Saunders on only one occasion and did not review his medical records or MRI results before rendering his opinion. We therefore conclude that the ALJ erred by relying on Dr. McPhee to find that Saunders’s pain testimony was not credible.
We also conclude that the ALJ further erred by finding that Saunders’s daily activities were inconsistent with his pain and symptom testimony. We have held consistently that, activities such as light household chores, cooking meals, and grocery shopping are activities that do not necessarily translate to the work environment. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989); see also Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir.2001) (holding that grocery shopping, driving a car, and limited walking for exercise are not inconsistent with disability); Reddick v. Chater, 157 F.3d 715, 723 n. 1 (9th Cir.1998) (noting that limited cooking, cleaning, and shopping are not indicative of an ability to engage in sustained work activity). The ALJ’s assertions about Saunders’s daily activities considerably exaggerate the evidence in the record. Saunders’s activities were limited. For example, his cooking was limited to making sandwiches or heating up frozen food one to three times per week. Moreover, Saunders testified that *534 his children often assisted him with many of the household chores, and after any activity, he would need to lie down and rest. Accordingly, we conclude that substantial evidence does not support the ALJ’s determination to discredit Saunders’s pain testimony on the basis of his daily activities.
Finally, the ALJ improperly discredited Saunders’s testimony on the basis of his observations at the hearing that Saunders wore a brace and used a cane when “no treating physician had prescribed these assistive devices.” This observation provides little, if any, support to discredit Saunders’s testimony. See Orn, 495 F.3d at 639-40; see also Gallant v. Heckler, 753 F.2d 1450, 1455 (9th Cir. 1984). Saunders truthfully responded to the ALJ’s questions, admitting that the brace and cane helped him to cope with the pain and feel more comfortable. Whether prescribed by a doctor or not, Saunders did suffer from a “serious” impairment, and his use of these devices is not clear and convincing evidence to find him not credible. Moreover, because the ALJ’s other reasons for discrediting Saunders were not proper, personal observations of a claimant’s function cannot form the sole basis for discrediting his testimony. Om, 495 F.3d at 639-40.
Saunders also contends that the ALJ erred in assessing his residual functional capacity (“RFC”) at step 4 of the sequential evaluation process. We agree. Because the ALJ improperly relied on the testimony of Dr. McPhee, over the opinions and records of Saunders’s treating physicians, and improperly discredited Saunders’s testimony, the ALJ’s RFC determination is not supported by substantial evidence. We therefore remand for further proceedings consistent with this disposition.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.